O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMER ALEXIS ALVARADO,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>K. CLARK, Warden,<br><br>　　　　Respondent. | Case No. CV 18-8476-DSF-KES<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On September 26, 2018 (signature date), Wilmer Alexis Alvarado ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 [the "Petition"].) This is the second habeas corpus petition that Petitioner has filed in this Court stemming from his 2009 convictions and 2010 sentence in the Los Angeles County Superior Court, case no. BA358401.

Under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

I.

BACKGROUND

**A. State Court Proceedings.**

In 2009, Petitioner was convicted by a Los Angeles County Superior Court jury of seven counts including kidnapping, assault with a semiautomatic firearm, and making criminal threats. (Dkt. 1 at 1, 23 [abstract of judgment for determinate term in case no. BA358401].) The court sentenced Petitioner to prison for a determinate term of 23 years, plus an indeterminate term of 32 years to life.[1] (Id.); see also People v. Alvarado, 2011 Cal. App. Unpub. LEXIS 6402, at *2 (Aug. 24, 2011).

In 2011, the California Court of Appeal affirmed the judgment. (Id.)

**B. First Federal Habeas Petition.**

In November 2013, Petitioner filed a § 2254 petition challenging his convictions and sentence in case no. BA358401. See Central District Case 2:13-cv-08777-DSF-SH ("Alvarado I"). In March 2014, the Court entered a judgment dismissing the petition with prejudice as untimely. (Alvarado I, Dkts. 15-17.) The Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id., Dkt. 21.)

**C. The Instant Petition.**

The Petition again challenges Petitioner's convictions and sentence in case no. BA358401. (Dkt. 1 at 1.) Petitioner claims he received ineffective assistance

---

[1] The Petition includes a sentencing transcript stating that the indeterminate sentence was 37 years to life (Dkt. 1 at 29), but the exact length of Petitioner's sentence is not relevant to the legal issues decided herein.

2

of counsel ("IAC") due to counsel's "failure to raise and argue important issue," not filing a motion to dismiss the charges/enhancements, and not challenging the failure to prove a "prior." (Id. at 4.) The Petition further alleges that trial counsel violated "all basic rules governing professional code of conduct." (Id. at 7.)

The Petition was prepared by inmate Vincent James Biagas who identifies himself as a "jailhouse lawyer." (Id. at 5, 15.) It was signed by Petitioner. (Id. at 15.) Mr. Biagas explains that he helped Petitioner prepare the Petition because, "I review Petitioner paper found issues …." (Id. at 5.)

## II.
## DISCUSSION

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part as follows:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying

offense.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b) (emphasis added).

The Petition constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition filed in Alvarado I within the meaning of § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing of the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 19, 2018

*Dale S. Fischer*
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

*Karen E. Scott*
KAREN E. SCOTT
United States Magistrate Judge

4